# Sims *v.* The State.

*Indictment for Burglary and Grand Larceny.*

1. *Indictment; effect of variance as to one count when conviction had on another count of the indictment; charge to the jury; error without injury.*—Where an indictment charges burglary and grand larceny in two separate counts. and the defendant is found guilty of burglary, the refusal of the court to give charges requested by the defendant having reference to a supposed variance between the description of the property alleged to have been ·stolen, as contained in the count charging larceny, and the evidence adduced on the trial, if erroneous, is error without injury to the defendant, and will not work a reversal of the judgment, (Code of 1896, § 4333).

2. *Trial and its incidents; charge to the jury.*—When, on the trial of a criminal case, it is shown that others besides the defendant were suspected of the offense charged in the indictment, and were prosecuted therefor at the same time the defendant was proceeded against, on the theory that they and the defendant were jointly concerned in the commission of the alleged criminal act, a charge which instructs the jury that they must acquit the defendant if they find that others may have as reasonably committed the offense as the defendant, or may just as well have committed it, is misleading and properly refused.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. J. M. CARMICHAEL.

The appellant, Jordan Sims, was tried under an indictment charging him in two separate counts with burglary and grand larceny, was convicted of burglary and sentenced to the penitentiary for two and one-half years. The second count of the indictment charged that the defendant "feloniously took and carried away one ten dollar bill of the value of ten dollars, three twenty dollar bills of the value of sixty dollars, one five dollar bill of

the value of five dollars, all of said money being commonly known and called greenbacks, of the paper currency of the United States, and of the aggregate value of seventy-five dollars, and the personal property of Steve Browning,'' &c.

The evidence for the State was circumstantial, and showed that there were other persons besides the defendant suspected of the offense charged. The evidence for the defendant tended to show that he did not commit the offense charged in the indictment. Under the opinion in this case, it is unnecessary to set out in detail the facts of the case and the several rulings of the trial court upon the evidence.

Among the charges requested by the defendant and to the refusal to give each of which he separately excepted, were the following : (15.) ''Silver certificates are not money commonly known and called greenbacks of the paper currency of the United States.'' (16.) ''If from the evidence the jury shall find that others than the defendant may as reasonably have committed the offense charged, then the defendant should not be found guilty ; and if the jury, from the evidence, have a reasonable doubt of that fact, the defendant should be acquitted, and the verdict should be not guilty.'' (17.) ''If the jury believe from the evidence that the circumstances of this case are such as to show that others may just as well have committed the offense as the defendant, then the defendant is not guilty.'' (18.) ''If the jury find from the evidence that the State has failed to prove that Steve Browning had stolen from him national currency, commonly called greenbacks, then the defendant can not be convicted of grand larceny charged in this indictment in this case.'' (19.) ''The court charges the jury that a silver certificate is not national currency commonly called greenbacks.'' (20.) ''If the jury find from the evidence that the only proof of the character of the money that Steve Browning had stolen and that is charged in the indictment was a silver certificate, then the State has failed to prove that it was national currency commonly called greenbacks.''

No counsel marked as appearing for appellant.

CHARLES G. BROWN, Attorney-General, for the State.

McCLELLAN, C. J.—The indictment contained two counts. The first charged burglary, the second grand larceny. The jury found the defendant guilty of burglary under the first count. On this state of case the rulings of the court upon charges requested by the defendant having reference to a supposed variance between the description of the property alleged to have been stolen in the second count and the evidence—as, for instance, that the count charged larceny of treasury notes and the evidence showed larceny of silver certificates—if abstractly erroneous, involved no injury to the defendant, and will, therefore, not avail to reverse the judgment. Code of 1896, § 4333. It is, therefore, of no consequence whether charges 15, 18, 19 and 20, requested by the defendant and refused, were correct statements of the law or not.

Others besides the defendant were suspected of the offense charged in this indictment and prosecuted therefor at the same time that defendant was proceeded against, on the theory that they and the defendant were jointly concerned in the alleged criminal act. Under these circumstances a charge that the jury must acquit the defendant if they find that others may have as reasonably committed the offense as the defendant, or may just as well have committed it, is, to say the least, misleading and confusing. The jury may well have found that there was as much reason for believing the other parties proceeded against committed the offense as that the defendant did, and at the same time have had no reasonable doubt that the defendant was guilty. They might have found that the defendant and the others were jointly implicated in the criminal act alleged. It was doubtless upon these considerations that the court properly refused charges 16 and 17 requested by the defendant.

It must be confessed that the evidence against the defendant was not entirely satisfactory to the conclusion of his guilt, but it was quite sufficient for submission to

the jury on that inquiry, and the court did not err in refusing to give the affirmative charge on the whole indictment nor the affirmative charge on the count for burglary requested by the defendant.

We have examined the several rulings of the trial court on the competency of testimony to which exceptions were reserved, and find them so patently free from error as not to require discussion.

The judgment of the circuit court must be affirmed.